**In re Michael W. STEELE, Debtor.**

**Bankruptcy No. 87–02670–BKC–J13.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

April 20, 1989.

Eileen Voss, St. Louis, Mo., trustee.

Randall F. Scherck, St. Louis, Mo., for debtor.

J. Michael Ford, St. Louis, Mo., for Gershman.

Susan Bradley Buse, St. Louis, Mo., for J.D. Street.

## ORDER

JAMES J. BARTA, Chief Judge.

The Debtor appeared in person and by counsel at the hearing on April 18, 1989 and presented testimony and evidence with respect to his motion to modify his plan. Upon consideration of the record as a whole, including the Trustee's announcements, and the announcements on behalf of

Gershman Investment Corporation, the Court entered its determinations from the bench.

The Debtor has failed to make certain payments as required under his confirmed Chapter 13 Plan, even though a wage order is directed to his employer. His employer is a closely held corporation which was formed within sixty days prior to the commencement of this case. The Debtor holds 90% of the stock in the corporation.

At the continued confirmation hearing on February 11, 1988, the Debtor testified that substantially all of his business assets had been transferred to the corporation prior to the commencement of this case. The record indicates that the transfer may not have involved adequate compensation to the Debtor. In a Response from Debtor's Counsel, filed on April 12, 1988, the Debtor asserted that upon review none of the *equipment* owned or leased by the Debtor had been transferred to the corporation. However, as set out in this written response, the only item transferred to the corporation was the Debtor's inventory valued at approximately $15,000.00. The Debtor's Chapter 13 Statement For a Debtor Engaged in Business, filed on February 11, 1988 refers to an assumption by the corporation of the Debtor's business obligations, liabilities, assets and receivables. The inventory is not otherwise listed or valued in the Statement.

At the hearing on April 18, 1989, the Debtor testified that he did not believe that any paperwork was prepared with respect to this transfer, and that *no* property was transferred to the corporation at any time.

The Chapter 13 Plan was confirmed after the Debtor indicated that all creditors were to be paid in full.

In response to a motion to dismiss the case for failure to make plan payments filed, by the Chapter 13 Trustee, and a separate motion to dismiss for failure to make home mortgage payments filed on behalf of Gershman Investment Corporation, the Debtor orally moved to amend the plan. After notice to all creditors, the motions were called for hearings on April 18, 1989.

In addition to his representations that no property has been transferred to the corporation, the Debtor testified that he had not filed business operating reports with the Trustee for several months because the person handling his books and records had failed to respond to his requests. He stated further that the liquidation value of his equipment at the time of the hearing was between $30,000.00 and $35,000.00; and that the present value of his inventory was approximately $2,000.00, because he was not replacing inventory as it was being sold; and that during the pendency of this Chapter 13 case, the corporation had incurred credit in the amount of $6,000.00 to install a vapor recovery system on the fuel pumps; and that he was personally liable for this post-petition debt; and that notice of this post-petition debt had not been given to creditors or to the Trustee.

The Debtor's amended plan proposes to reduce the plan payments to the Trustee, and to reduce the distribution to unsecured claimants to approximately 50% of the allowed amount. The Debtor has not filed an amended budget.

The Debtor's testimony indicates that his present income is not sufficient to fund a Chapter 13 Plan which will pay all allowed claims in full. Furthermore, if his monthly income is approximately the amount represented in his testimony, it is highly improbable that he will be able to fund the remaining plan payments as set out in the amended plan.

Of more serious concern, however, is the Debtor's decision to not replace inventory; his post-petition debt which is apparently being serviced from business operations; the uncertainty or inconsistency of his relationship to his corporation; and the question of title to property the value of which appears to have been sufficient to pay all creditors in full at the commencement of this Chapter 13 case. The fact that this uncertainty continues to exist nineteen months after the Chapter 13 Petition was filed raises serious questions as to the Debtor's ability to complete a Chapter 13 plan. Equally troubling is the Debtor's testimony that more than $2,700.00 was

paid from the corporation's business accounts to reduce the arrearage on the Debtor's personal obligation which is secured by a deed of trust upon his personal residence.

The Debtor's failure to restock inventory items also presents a question as to his ability to fund the plan from the business operations. Therefore,

IT IS ORDERED that the Debtor's motion to amend his Chapter 13 Plan is denied for the Debtor's inability to fund the plan, for failure of the amended plan to provide unsecured creditors an amount equal to that which they would receive in a Chapter 7 case, and for the other reasons set out in this order; and

That the Debtor is to appear at a hearing on *May 1, 1989 at 2:00 p.m. in Bankruptcy Court No. 1, United States Court House, 1114 Market Street, 7th Floor, St. Louis, Missouri* and show cause why this case should not be dismissed or converted for failure to comply with the terms of the confirmed plan; for failure to maintain business inventory at a level consistent with the level which existed at the commencement of this case; and for having incurred a large post-petition debt not in the ordinary course of business and without an Order of the Court.

IT IS FURTHER ORDERED that the matters set out below are continued to the same date and time set out above.

Motion of Gershman Investment to Dismiss for Failure to Make Payments.

Trustee's Motion to Dismiss Case for Failure to Make Plan Payments.